1

2

3

4

5

6

7      UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9    SHANNON LELL,

10              Plaintiff,                          Case No. _____

11        v.                                        **NOTICE OF REMOVAL**

12   HOLOGIC, INC., a corporation, JOSEPH           **(FEDERAL QUESTION)**
     REED, and individual, and ERNIE OAR, an
13   individual,                                    **[28 U.S.C. §§ 1331, 1441, 1446]**

14              Defendants.

15

16   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17        PLEASE TAKE NOTICE that Defendants HOLOGIC, INC., JOSEPH REED, and

18   ERNIE OAR ("Defendants") hereby remove the above-captioned case from the Superior Court

19   of King County, state of Washington, to the United States District Court for the Western District

20   of Washington, Seattle Division.  Removal jurisdiction is proper in this Court pursuant to

21   28 U.S.C. §§ 1331 and 1441(b).  All named Defendants have consented to removal.

22        In support of their Notice of Removal, Defendants respectfully state the following:

23                      **JURISDICTION AND VENUE**

24        1.      Venue is proper in the Western District of Washington at Seattle.  Venue is proper

25   in this District because this is the district court of the United States for the district embracing the

26   place where the state court action is currently pending.  28 U.S.C. § 1441(a).

**NOTICE OF REMOVAL -1**
FIRMWIDE:96901757.2 058409.1006

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1    2.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331

2    (federal question jurisdiction), and this action is one that may be removed to this Court pursuant

3    to the provisions of 28 U.S.C. § 1441(b).  Further, Defendants allege on information and belief

4    that diversity jurisdiction will also exist over this action once the amount in controversy appears

5    of record.

6    3.    On July 27, 2010, Plaintiff initiated a civil action in the King County Superior

7    Court, state of Washington, against Defendants.  *Shannon Lell v. Hologic, Inc., et al.,* number

8    10-2-27306-9 SEA (hereinafter, the "Complaint").  Defendants accepted service of the

9    Summonses and Complaint effective on or after that date.  On August 13, 2010, Plaintiff served

10    her First Amended Complaint by mail.  True copies of the Summonses, Complaint for Damages

11    and Injunctive Relief, Case Information Cover Sheet and Area Designation, Order Setting Civil

12    Case Schedule, and First Amended Complaint for Damages and Injunctive Relief (which

13    comprise all of the process, pleadings and orders served on Defendants) are attached hereto as

14    Exhibits 1-7, respectively.  By signing this Notice of Removal, counsel for Defendants verify

15    that the items attached hereto are true and complete copies of all the records and proceedings in

16    the state court proceeding.

17    5.    This Notice of Removal has been timely filed because it is made within 30 days

18    after receipt by any Defendant of a copy of the initial pleading setting forth removable claims.

19    *See* 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526

20    U.S. 344 (1999) (time to remove does not begin to run until proper service of summons and

21    complaint).

22    **FEDERAL QUESTION & SUPPLEMENTAL JURISDICTION**

23    6.    Plaintiff's First Amended Complaint alleges claims under federal law for alleged

24    violations of Title VII of the 1964 Civil Rights Act (42 U.S.C. §§ 2000 et. seq.); *See* First

25    Amended Complaint, pages 11-12.  This Court has jurisdiction over the Title VII claims pursuant

26

**NOTICE OF REMOVAL -2**
FIRMWIDE:96901757.2 058409.1006

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  to 28 U.S.C. § 1331. All other claims in this case arise out of the same transaction or occurrence

2  as the Title VII claims, and as such this Court has supplemental jurisdiction over those claims

3  pursuant to 28 U.S.C. § 1367.

4  **DIVERSITY OF CITIZENSHIP**

5      7.      This is a civil action that is between citizens of different states within the meaning

6  of 28 U.S.C. § 1332. Complete diversity exists between the parties.

7      8.      Defendant Hologic, Inc. ("Hologic"), is incorporated in Delaware and its

8  headquarters and principal place of business are in Bedford, Massachusetts. Hologic is not a

9  citizen of Washington. *See Hertz Corp. v. Friend*, 559 U.S. ___, 130 S.Ct. 1181; 175 L.Ed.2d

10  1029 (2010).

11      9.      Defendant Joseph Reed is a citizen of the state of Oregon.

12      10.     Defendant Ernie Oar is a citizen of the state of Oregon.

13      11.     Plaintiff is a citizen of the state of Washington. *See* Complaint, § II, ¶ 3.

14  **AMOUNT IN CONTROVERSY**

15      12.     The amount in controversy in this case cannot be ascertained from the Complaint

16  or from any other paper filed in this case. However, on information and belief, Defendants

17  allege that when the amount in controversy does appear of record in this case it will exceed

18  $75,000, exclusive of interest and costs.

19  **REMOVAL**

20      13.     The above-entitled action is one that may be removed to this Court by Defendants

21  pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

22      14.     Written notice of the filing of this Notice of Removal has been given to all parties

23  who have appeared in this action and a copy of the Notice of Removal has been filed with the

24  Clerk of Court of the Superior Court of the State of Washington, in and for the County of King.

25      15.     WHEREFORE, Defendants HOLOGIC, INC., JOSEPH REED, and ERNIE OAR

26

**NOTICE OF REMOVAL -3**
FIRMWIDE:96901757.2 058409.1006

1  respectfully request that this action, now pending in the King County Superior Court, State of

2  Washington, be removed therefrom to this United States District Court for the Western District

3  of Washington, at Seattle.

4

5  August 25, 2010

6

7                                    s/ Courtney A. Kelley
                                     Daniel L. Thieme, WSBA #12855
8                                    dthieme@littler.com
                                     Courtney A. Kelley, WSBA #41281
9                                    ckelley@littler.com
                                     LITTLER MENDELSON, P.C.
10                                   One Union Square
                                     600 University Street, Suite 3200
11                                   Seattle, WA  98101.3122
                                     Phone:      206.623.3300
12                                   Fax:        206.447.6965
                                     E-Mail:     dthieme@littler.com
13
                                     Attorneys for Defendants,
14                                   HOLOGIC, INC., JOSEPH REED and ERNIE
                                     OAR
15

16

17

18

19

20

21

22

23

24

25

26

**NOTICE OF REMOVAL -4**
FIRMWIDE:96901757.2 058409.1006

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on August 25, 2010, I filed the foregoing with the Clerk of the Court

4      using the CM/ECF system, which will send notification of such filing to the following CM/ECF

5      participant(s):

6
       **Daniel Kalish**
7      **Donald W. Heyrich**
       **HEYRICH KALISH MCGUIGAN PLLC**
8      **1325 Fourth Avenue, Suite 540**
       **Seattle, WA 98101**
9

10     and I further certify that I have mailed by United States Postal Service the document to the

11     following non CM/ECF participants:

       **N/A**
12

13

14     Dated:  August 25, 2010

15                                              *s/ Cheryl A. Phillips*
16                                              Cheryl A. Phillips
                                                cphillips@littler.com
17
                                                LITTLER MENDELSON, P.C.
18

19

20

21

22

23

24

25

26

**NOTICE OF REMOVAL -5**
FIRMWIDE:96901757.2 058409.1006

EXHIBIT 1

FILED

10 JUL 27 AM 10:26

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-27306-9 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SHANNON LELL, an individual, | NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| HOLOGIC, INC., a corporation, JOSEPH REED, an individual, and ERNIE OAR, an individual, | |
| Defendants. | **JURY TRIAL DEMANDED** |

This action is brought on behalf of Shannon Lell as a result of the sexual

discrimination, retaliation, and hostile work environment that she incurred by Defendants.

Ms. Lell alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to RCW 49.60, and

since some of the actions by Defendants alleged in this Complaint occurred in the State of

Washington.

COMPLAINT - 1

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

2.      Venue is proper because one of the defendants, Hologic, Inc. ("Hologic"),

transacts business and has agents within King County and Washington State.  The

plaintiff resides in King County, Washington.

## II.      THE PARTIES

3.      Plaintiff Shannon Lell is an individual who lives in King County,

Washington and is currently employed by Hologic.

4.      Hologic is a for-profit business corporation incorporated in the State of

Delaware and headquartered in Bedford, Massachusetts.  Hologic transacts business in

King County and throughout Washington State.  On its website, Hologic states that it is

the leading developer of medical supplies and products "created specifically to address

the healthcare needs of women throughout the world."

5.      Joseph Reed is an individual who, upon information and belief, is a resident

of Oregon.  Mr. Reed is an employee of Hologic and his title is District Sales Manager –

Northwest Region.  Upon information and belief, Mr. Reed is and was a manager of

Hologic.

6.      Ernie Oar is an individual who, upon information and belief, is a resident of

Oregon.  Mr. Oar is an employee of Hologic and his title is Regional Business Director -

West Region for Hologic.  Upon information and belief, Mr. Oar is and was a manager of

Hologic.

COMPLAINT - 2

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

### III.    FACTUAL ALLEGATIONS

**A.    Ms. Lell's Performance at Hologic**

7.    Ms. Lell started working for Hologic in June of 2006 and, by all accounts, she excelled at her job.

8.    Within roughly a year after commencing employment with Hologic, she was the top performer in sales out of roughly 130 professional medical representatives nationwide.  Soon thereafter, she was promoted to territory manager, where she consistently made her quota and won a President's Club Award for performance.

9.    By the end of 2009, she was the #5 performer in sales for all territory managers nationwide.  She received several stock grants based on merit, and the company awarded her the highest merit raises every year.

**B.    Hostile Work Environment/Sex Discrimination**

10.    When she initially joined the company, Ms. Lell initially reported to Chris Farnand, and she had a positive relationship with him.  In September 2008, Ms. Lell started reporting to Joseph Reed, who replaced Mr. Farnand.

11.    Mr. Reed discriminated against Ms. Lell due to her sex and created a hostile work environment based on gender.  Specifically, Mr. Reed engaged in the following acts while a supervisor for Ms. Lell:

> a.    The first person Mr. Reed hired was an employee in the South Seattle territory; Ms. Lell recommended a woman, Lauren Ahten, who had substantial experience in sales of a similar product in the same area, who had fantastic references, and was highly recommended by doctors in the area.  Mr. Reed, however, hired a much less experienced man because, as Mr. Reed stated, Ms. Ahten "did not fit in" to the team that he wanted to create.

COMPLAINT - 3

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

b.      Mr. Reed was responsible for hiring individuals in his territory. In the entire time that Mr. Reed supervised Ms. Lell, he hired eight men, but not one woman.

c.      On or about the fall of 2009, a woman who had children inquired about a position in Mr. Reed's group. Mr. Reed told Ms. Lell that he would not even consider interviewing this person because the particular position had substantial travel requirements and that woman had children.

d.      Mr. Reed put a female sales representative one of the few women in the territory, on a Performance Improvement Plan ("PIP"), even though there were few facts that justified this PIP, and even though, upon information and belief, several of the male sales representatives performed much worse, but were never put on a PIP.  In the end, this woman left the company because, as she stated, she and Mr. Reed simply "did not get along."

e.      In February 2009, another sales rep in the territory exposed his penis at an after-hours celebration with several of the representatives. This soon became a joke to Mr. Reed, who consistently would email the group and refer to this employee as "bubble gum boy" and "frank n beans," both references to this sales representative's penis and testicles.

f.      In late June 2009, When Ms. Lell was on maternity leave, Mr. Reed pressured her to work and obtain her quota.  Indeed, within a few days prior to the end of the quarter, he sent her an email about obtaining her quota.  Ms. Lell asked him if he was pressuring her to work while on maternity leave.  Mr. Reed responded, "what . . . no . . . maybe."

g.      On or about August 2009, a female sales representative who reported to Mr. Reed wrote an email to the team indicating that since Ms. Lell was on maternity leave, everyone on the team was a "taco fan" besides her.  This was clearly referencing tacos as vaginas since the only other woman on the team at the time was a lesbian and the rest were male.  Mr. Reed encouraged this conduct, and responded, "that's what I'm talking about, keep them coming . . . . Giggle."

h.      In emails to the group, Mr. Reed, as well as several other sales

COMPLAINT - 4

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

representatives consistently referred to "tacos" and "bacon tacos" as references to vaginas. These emails made Ms. Lell incredibly uncomfortable. In an attempt to steer the conversation away from references to vaginas, Ms. Lell wrote an email stating that the conversation has gone "to the gutter."

i.      After Ms. Lell returned from work after having her first child, Mr. Reed, on conference calls with Ms. Lell and others, would make references to Ms. Lell lactating. For example, Mr. Reed would say, "does somebody have a baby that can cry so that Shannon can leak?"

j.      On or about December 2009, soon after Ms. Lell gave birth to her first child, Ms. Lell was having lunch with Mr. Reed, and Ms. Lell spilled something on her shirt and went to the restroom to wash it off and consequently had a wet spot on her shirt. Mr. Reed said, "did you leak?" referring to her lactating.

k.      In December 2009, Mr. Reed wanted to talk to Ms. Lell about her "behavior," even though she was one of the top – if not the top – producing representatives on his team. Ms. Lell met with him to discuss any issues, at which point he started the meeting by forcing her to watch a sexually explicit video that he had on his laptop, which Mr. Reed said was sent to him by another employee at Hologic. This video contained a man engaging in a strip tease for a woman.

l.      The allegations into Ms. Lell's "behavior issues" were unfounded and vague. During the meeting Mr. Reed's example of her "poor behavior" was a reference to entirely vague singular situation in which he stated, "it did not seem like [this particular] customer saw you as a consultant." That was his "issue" with her, even though she was, by far, the best sales representative on his team.

m.      The culture of the team often excluded women. There was a palpable boy's club, where several members of the team, and Mr. Oar, Regional Business Director, would engage in activities outside the office and on the weekends. Ms. Lell was never invited to these events, nor does it appear any other woman.

n.      In February 2010, on Mr. Reed's request, Ms. Lell spent a

COMPLAINT - 5

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

substantial amount of time putting together a presentation for the team on how to achieve success in sales. When she was ready to provide the presentation, per Mr. Reed's requested deadline, Mr. Reed told her that she could not give it; instead, he allowed two other, less performing male sales representatives to provide a similar training on making sales.

o.      In February 2010, at a team meeting, a representative said that one of the African-American representatives was "the token black guy." Mr. Reed responded by stating that he had to hire this person because he was getting lots of "crap" for all his other hires, which, upon information and belief, was a reference to criticism Mr. Reed received for hiring all men.

12.     Throughout this ordeal, Ms. Lell was both scared and unsure of how to react. She tried her best to simply make the harassment go away and not to make an issue of it. Indeed, she even invited Mr. Reed to dinner, believing that if Mr. Reed saw her as a human being, that maybe she would treat her as a top sales performer, not a "woman" who did not fit into his culture.

13.     In March of 2010, Ms. Lell received one complaint – which Ms. Lell later showed was largely false – from a client. Mr. Reed immediately took away this account from her and prohibited her from contacting the client again. Upon information and belief, Mr. Reed's response was far harsher than similarly-situated male sales representatives who received complaints from clients.

14.     In March 2010, Ms. Lell then contacted Mr. Oar, who was the Business Director and one of Mr. Reed's good friends. Not surprisingly, Mr. Oar agreed with Mr. Reed. During this conversation, Mr. Oar never once suggested that he was even

COMPLAINT - 6

considering putting Ms. Lell on a performance improvement plan ("PIP").

## C.     Retaliation

15.     In March 2010, Ms. Lell provided a letter to human resources, which detailed the sexual discrimination and harassment that she faced from individuals at the company.

16.     After this letter to human resources, Hologic informed Ms. Lell that it was "investigating" her concerns.  One month later, Ms. Lell, as she feared, was punished as a result of her decision to report the harassment against her and unfair treatment against her because of her status as a women.  The company blamed Ms. Lell for the unfair treatment against her.  As to the misogynistic emails, those said that she was to blame because she responded to the email (even though she responded to let them know that the emails were inappropriate).  As to Mr. Reed requiring her to engage on her maternity leave, Ms. Lell was blamed for responding to her supervisor's email.  As to the video, they said that Mr. Reed did not "intend to offend" her, implying that Ms. Lell was overly sensitive.  As to the other allegations, the investigators did not respond.

17.     Upon information and belief, in direct act of retaliation for her complaint to human resources, Mr. Oar, acting for Hologic, placed Ms. Lell on a 60-day Performance Improvement Plan ("PIP").  The "reasons" for the PIP were false, vague, or misleading.

18.     Upon information and belief, other similarly-situated male employees in the company have engaged in substantially worse conduct, but were never placed on a PIP for worse conduct than for what Ms. Lell was apparently put on a PIP.

19.     In the PIP, Ms. Lell had to trend to 100% quota on NovaSure, a product provided by Hologic, and provide onerous and detailed

COMPLAINT - 7

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

reporting requirements.  The company further made her ineligible to receive a bonus during the 60-day PIP period.

20.     Upon information and belief, Hologic had absolutely no intention of retaining her or using the PIP as a method of constructive criticism.  Upon information and belief, Hologic's goal was to "force" her to resign or create a "record" of Ms. Lell's problems so that Hologic could avoid liability for its sex discrimination and for creating a hostile work environment.  Indeed, when Hologic detailed its PIP, Hologic also offered Ms. Lell four weeks of severance to simply resign.

21.     Despite the onerous 60-day PIP, Ms. Lell remarkably succeeded in every facet.  This was despite the fact that Mr. Oar and Ms. Stacie Hootkin (the person who Ms. Lell now reported to) consistently harassed and disparaged Ms. Lell.  Ms. Lell met her reporting requirements and trended to 100% on her quota.

22.     After successfully completing her first PIP, Hologic waited a month and then placed Ms. Lell on another PIP, this one more onerous than the previous one.  As to the reasons for the second PIP, the company provided vague and false reasons, such as her attitude and her inability to coach.  Again, the company offered additional severance (this time, six weeks) for Ms. Lell to simply resign and leave the company.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Hostile Work Environment, RCW 49.60 *et. seq.*)**
**(Against Defendants Hologic, Inc. and Joseph Reed only)**

23.     Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the

COMPLAINT - 8

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

above paragraphs.

24.    At all times material herein, Plaintiff Shannon Lell has been entitled to the rights, protections, and benefits provided under RCW 49.60 *et. seq.*.

25.    Ms. Lell endured unwelcome harassment based on sex, said harassment affected the terms or conditions of her employment, and Defendants Reed and Hologic knew or should have known about the harassment, in violation of RCW 49.60 *et. seq.*

## SECOND CAUSE OF ACTION
### (Sex Discrimination, RCW 49.60)
### (Against All Defendants)

26.    Plaintiffs Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

27.    At all times material herein, Ms. Lell has been entitled to the rights, protections, and benefits provided under RCW 49.48.160.

28.    RCW 49.48.160 requires, among other things, that an employer not discriminate against any person in compensation or on conditions of employment because of sex.  By the actions listed above, Defendants discriminated against Ms. Lell because of sex, violating RCW 49.48.160.

## THIRD CAUSE OF ACTION
### (Retaliation, RCW 49.60 *et. seq.*)
### (Against All Defendants)

29.    Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

COMPLAINT - 9

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

30.     At all times material herein, Ms. Lell has been entitled to the rights, protections, and benefits provided under RCW 49.60 *et. seq.*

31.     RCW 49.60 *et seq.* prevents an employer from taking an adverse employment action against an individual because that person engaged in a statutorily protected activity.  Upon information and belief, Defendants placed Ms. Lell on two PIPs that prevented her from earning a bonus and imposed additional reporting requirements in retaliation for her complaining about the sexual harassment against her, violating RCW 49.60 *et. seq.*

## FOURTH CAUSE OF ACTION
## (Outrage)
## (Against Defendant Joseph Reed Only)

32.     Ms. Lell reasserts and realleges the allegations set forth in the above paragraphs.

33.     By his conduct listed above, Defendant Reed engaged in extreme and outrageous conduct, intentionally or recklessly inflicted emotional distress, and caused severe emotional distress to Shannon Lell.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all others similarly situated, demand judgment against Defendants and pray for:

A.     An order requiring Defendants to immediately cease their wrongful

COMPLAINT - 10

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

conduct as set forth above; enjoining Defendants from continuing to sexually harass

Ms. Lell;

      B.     Compensatory, statutory, and emotional distress damages;

      C.     Reasonable attorneys' fees and the costs of this action as permitted by

law;

      D.     Statutory pre-judgment interest; and

      E.     Such other relief as this Court may deem just and proper.

Dated this 27th day of July, 2010.

                  **HEYRICH KALISH MCGUIGAN PLLC**

            By:   s/Daniel Kalish, WSBA No. 35815

                Daniel Kalish, WSBA No. 35815
                Donald W. Heyrich, WSBA No. 23091
                **HEYRICH KALISH MCGUIGAN PLLC**
                1325 Fourth Avenue, Suite 540
                Seattle, WA 98101
                Telephone: 206-838-2504
                Fax: 206-838-2505
                E-mail: dkalish@hkmlegal.com
                E-mail: dheyrich@hkmlegal.com

                Attorneys for Plaintiff Shannon Lell

COMPLAINT - 11

EXHIBIT 2

FILED

10 JUL 27 AM 10:26

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-27306-9 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Shannon Lell | NO. 10-2-27306-9 SEA |
| VS | |
| Hologic, Inc. et. al. | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(MSC) -**    OTHER COMPLAINTS/PETITIONS

AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

EXHIBIT 3

FILED

10 JUL 27 AM 10:26

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-27306-9 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Shannon Lell | NO. 10-2-27306-9 SEA | |
| | Order Setting Civil Case Schedule (*ORSCS) | |
| Plaintiff(s) | | |
| vs | | |
| Hologic, Inc. et. al. | ASSIGNED JUDGE Rietschel 36 | |
| | FILE DATE: 07/27/2010 | |
| Defendant(s) | **TRIAL DATE:** **01/23/2012** | |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

Print Name                    Sign Name

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08    1

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue 07/27/2010 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue 01/04/2011 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue 01/04/2011 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue 01/18/2011 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 08/22/2011 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 10/03/2011 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon 10/17/2011 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 10/17/2011 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon 12/05/2011 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Tue 12/27/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Tue 01/03/2012 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16] | Tue 01/03/2012 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 01/09/2012 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Tue 01/17/2012 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue 01/17/2012 | * |
| Trial Date [See KCLCR 40]. | Mon 01/23/2012 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   07/27/2010

_____
**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**    Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

EXHIBIT 4

FILED

10 AUG 13 AM 10:53

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-27306-9 SEA

THE HONORABLE JEAN RIETSCHEL

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SHANNON LELL, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOLOGIC, INC., a corporation, JOSEPH REED, an individual, and ERNIE OAR, an individual,<br><br>                    Defendants. | NO.   10-2-27306-9 SEA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>**JURY TRIAL DEMANDED** |

This action is brought on behalf of Shannon Lell as a result of the sexual discrimination, retaliation, and hostile work environment that she incurred by Defendants. Ms. Lell alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to RCW 49.60, and since some of the actions by Defendants alleged in this Complaint occurred in the State of Washington.

FIRST AMENDED COMPLAINT - 1

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

2.      Venue is proper because one of the defendants, Hologic, Inc. ("Hologic"), transacts business and has agents within King County and Washington State.  The plaintiff resides in King County, Washington.

## II.    THE PARTIES

3.      Plaintiff Shannon Lell is an individual who lives in King County, Washington and is currently employed by Hologic.

4.      Hologic is a for-profit business corporation incorporated in the State of Delaware and headquartered in Bedford, Massachusetts.  Hologic transacts business in King County and throughout Washington State.  On its website, Hologic states that it is the leading developer of medical supplies and products "created specifically to address the healthcare needs of women throughout the world."

5.      Joseph Reed is an individual who, upon information and belief, is a resident of Oregon.  Mr. Reed is an employee of Hologic and his title is District Sales Manager – Northwest Region.  Upon information and belief, Mr. Reed is and was a manager of Hologic.

6.      Ernie Oar is an individual who, upon information and belief, is a resident of Oregon.  Mr. Oar is an employee of Hologic and his title is Regional Business Director - West Region for Hologic.  Upon information and belief, Mr. Oar is and was a manager of Hologic.

FIRST AMENDED COMPLAINT - 2

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

### III.    FACTUAL ALLEGATIONS

**A.    Ms. Lell's Performance at Hologic**

7.      Ms. Lell started working for Hologic in June of 2006 and, by all accounts, she excelled at her job.

8.      Within roughly a year after commencing employment with Hologic, she was the top performer in sales out of roughly 130 professional medical representatives nationwide.  Soon thereafter, she was promoted to territory manager, where she consistently made her quota and won a President's Club Award for performance.

9.      By the end of 2009, she was the #5 performer in sales for all territory managers nationwide.  She received several stock grants based on merit, and the company awarded her the highest merit raises every year.

**B.    Hostile Work Environment/Sex Discrimination**

10.      When she initially joined the company, Ms. Lell initially reported to Chris Farnand, and she had a positive relationship with him.  In September 2008, Ms. Lell started reporting to Joseph Reed, who replaced Mr. Farnand.

11.      Mr. Reed discriminated against Ms. Lell due to her sex and created a hostile work environment based on gender.  Specifically, Mr. Reed engaged in the following acts while a supervisor for Ms. Lell:

        a.      The first person Mr. Reed hired was an employee in the South Seattle territory; Ms. Lell recommended a woman, Lauren Ahten, who had substantial experience in sales of a similar product in the same area, who had fantastic references, and was highly recommended by doctors in the area.  Mr. Reed, however, hired a much less experienced man because, as Mr. Reed stated, Ms. Ahten "did not fit in" to the team that he wanted to create.

FIRST AMENDED COMPLAINT - 3

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

b.     Mr. Reed was responsible for hiring individuals in his territory. In the entire time that Mr. Reed supervised Ms. Lell, he hired eight men, but not one woman.

c.     On or about the fall of 2009, a woman who had children inquired about a position in Mr. Reed's group. Mr. Reed told Ms. Lell that he would not even consider interviewing this person because the particular position had substantial travel requirements and that woman had children.

d.     Mr. Reed put a female sales representative one of the few women in the territory, on a Performance Improvement Plan ("PIP"), even though there were few facts that justified this PIP, and even though, upon information and belief, several of the male sales representatives performed much worse, but were never put on a PIP. In the end, this woman left the company because, as she stated, she and Mr. Reed simply "did not get along."

e.     In February 2009, another sales rep in the territory exposed his penis at an after-hours celebration with several of the representatives. This soon became a joke to Mr. Reed, who consistently would email the group and refer to this employee as "bubble gum boy" and "frank n beans," both references to this sales representative's penis and testicles.

f.     In late June 2009, When Ms. Lell was on maternity leave, Mr. Reed pressured her to work and obtain her quota. Indeed, within a few days prior to the end of the quarter, he sent her an email about obtaining her quota. Ms. Lell asked him if he was pressuring her to work while on maternity leave. Mr. Reed responded, "what . . . no . . . maybe."

g.     On or about August 2009, a female sales representative who reported to Mr. Reed wrote an email to the team indicating that since Ms. Lell was on maternity leave, everyone on the team was a "taco fan" besides her. This was clearly referencing tacos as vaginas since the only other woman on the team at the time was a lesbian and the rest were male. Mr. Reed encouraged this conduct, and responded, "that's what I'm talking about, keep them coming . . . . Giggle."

h.     In emails to the group, Mr. Reed, as well as several other sales

FIRST AMENDED COMPLAINT - 4

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

representatives consistently referred to "tacos" and "bacon tacos" as references to vaginas. These emails made Ms. Lell incredibly uncomfortable. In an attempt to steer the conversation away from references to vaginas, Ms. Lell wrote an email stating that the conversation has gone "to the gutter."

i.    After Ms. Lell returned from work after having her first child, Mr. Reed, on conference calls with Ms. Lell and others, would make references to Ms. Lell lactating. For example, Mr. Reed would say, "does somebody have a baby that can cry so that Shannon can leak?"

j.    On or about December 2009, soon after Ms. Lell gave birth to her first child, Ms. Lell was having lunch with Mr. Reed, and Ms. Lell spilled something on her shirt and went to the restroom to wash it off and consequently had a wet spot on her shirt. Mr. Reed said, "did you leak?" referring to her lactating.

k.    In December 2009, Mr. Reed wanted to talk to Ms. Lell about her "behavior," even though she was one of the top – if not the top – producing representatives on his team. Ms. Lell met with him to discuss any issues, at which point he started the meeting by forcing her to watch a sexually explicit video that he had on his laptop, which Mr. Reed said was sent to him by another employee at Hologic. This video contained a man engaging in a strip tease for a woman.

l.    The allegations into Ms. Lell's "behavior issues" were unfounded and vague. During the meeting Mr. Reed's example of her "poor behavior" was a reference to entirely vague singular situation in which he stated, "it did not seem like [this particular] customer saw you as a consultant." That was his "issue" with her, even though she was, by far, the best sales representative on his team.

m.    The culture of the team often excluded women. There was a palpable boy's club, where several members of the team, and Mr. Oar, Regional Business Director, would engage in activities outside the office and on the weekends. Ms. Lell was never invited to these events, nor does it appear any other woman.

n.    In February 2010, on Mr. Reed's request, Ms. Lell spent a

FIRST AMENDED COMPLAINT - 5

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

substantial amount of time putting together a presentation for the team on how to achieve success in sales. When she was ready to provide the presentation, per Mr. Reed's requested deadline, Mr. Reed told her that she could not give it; instead, he allowed two other, less performing male sales representatives to provide a similar training on making sales.

o.    In February 2010, at a team meeting, a representative said that one of the African-American representatives was "the token black guy." Mr. Reed responded by stating that he had to hire this person because he was getting lots of "crap" for all his other hires, which, upon information and belief, was a reference to criticism Mr. Reed received for hiring all men.

12.    Throughout this ordeal, Ms. Lell was both scared and unsure of how to react. She tried her best to simply make the harassment go away and not to make an issue of it. Indeed, she even invited Mr. Reed to dinner, believing that if Mr. Reed saw her as a human being, that maybe she would treat her as a top sales performer, not a "woman" who did not fit into his culture.

13.    In March of 2010, Ms. Lell received one complaint – which Ms. Lell later showed was largely false – from a client. Mr. Reed immediately took away this account from her and prohibited her from contacting the client again. Upon information and belief, Mr. Reed's response was far harsher than similarly-situated male sales representatives who received complaints from clients.

14.    In March 2010, Ms. Lell then contacted Mr. Oar, who was the Business Director and one of Mr. Reed's good friends. Not surprisingly, Mr. Oar agreed with Mr. Reed. During this conversation, Mr. Oar never once suggested that he was even

FIRST AMENDED COMPLAINT - 6

considering putting Ms. Lell on a performance improvement plan ("PIP").

## C.    Retaliation

15.    In March 2010, Ms. Lell provided a letter to human resources, which detailed the sexual discrimination and harassment that she faced from individuals at the company.

16.    After this letter to human resources, Hologic informed Ms. Lell that it was "investigating" her concerns.  One month later, Ms. Lell, as she feared, was punished as a result of her decision to report the harassment against her and unfair treatment against her because of her status as a women.  The company blamed Ms. Lell for the unfair treatment against her.  As to the misogynistic emails, those said that she was to blame because she responded to the email (even though she responded to let them know that the emails were inappropriate).  As to Mr. Reed requiring her to engage on her maternity leave, Ms. Lell was blamed for responding to her supervisor's email.  As to the video, they said that Mr. Reed did not "intend to offend" her, implying that Ms. Lell was overly sensitive.  As to the other allegations, the investigators did not respond.

17.    Upon information and belief, in direct act of retaliation for her complaint to human resources, Mr. Oar, acting for Hologic, placed Ms. Lell on a 60-day Performance Improvement Plan ("PIP").  The "reasons" for the PIP were false, vague, or misleading.

18.    Upon information and belief, other similarly-situated male employees in the company have engaged in substantially worse conduct, but were never placed on a PIP for worse conduct than for what Ms. Lell was apparently put on a PIP.

19.    In the PIP, Ms. Lell had to trend to 100% quota on NovaSure, a product provided by Hologic, and provide onerous and detailed

FIRST AMENDED COMPLAINT - 7

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

reporting requirements.  The company further made her ineligible to receive a bonus during the 60-day PIP period.

20.    Upon information and belief, Hologic had absolutely no intention of retaining her or using the PIP as a method of constructive criticism.  Upon information and belief, Hologic's goal was to "force" her to resign or create a "record" of Ms. Lell's problems so that Hologic could avoid liability for its sex discrimination and for creating a hostile work environment.  Indeed, when Hologic detailed its PIP, Hologic also offered Ms. Lell four weeks of severance to simply resign.

21.    Despite the onerous 60-day PIP, Ms. Lell remarkably succeeded in every facet.  This was despite the fact that Mr. Oar and Ms. Stacie Hootkin (the person who Ms. Lell now reported to) consistently harassed and disparaged Ms. Lell.  Ms. Lell met her reporting requirements and trended to 100% on her quota.

22.    After successfully completing her first PIP, Hologic waited a month and then placed Ms. Lell on another PIP, this one more onerous than the previous one.  As to the reasons for the second PIP, the company provided vague and false reasons, such as her attitude and her inability to coach.  Again, the company offered additional severance (this time, six weeks) for Ms. Lell to simply resign and leave the company.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Hostile Work Environment, RCW 49.60 *et. seq.*)**
**(Against Defendants Hologic, Inc. and Joseph Reed only)**

23.    Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the

FIRST AMENDED COMPLAINT - 8

above paragraphs.

24.    At all times material herein, Plaintiff Shannon Lell has been entitled to the rights, protections, and benefits provided under RCW 49.60 *et. seq.*

25.    Ms. Lell endured unwelcome harassment based on sex, said harassment affected the terms or conditions of her employment, and Defendants Reed and Hologic knew or should have known about the harassment, in violation of RCW 49.60 *et. seq.*

## SECOND CAUSE OF ACTION
### (Sex Discrimination, RCW 49.60)
### (Against All Defendants)

26.    Plaintiffs Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

27.    At all times material herein, Ms. Lell has been entitled to the rights, protections, and benefits provided under RCW 49.48.160.

28.    RCW 49.48.160 requires, among other things, that an employer not discriminate against any person in compensation or on conditions of employment because of sex. By the actions listed above, Defendants discriminated against Ms. Lell because of sex, violating RCW 49.48.160.

## THIRD CAUSE OF ACTION
### (Retaliation, RCW 49.60 *et. seq.*)
### (Against All Defendants)

29.    Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

FIRST AMENDED COMPLAINT - 9

30.     At all times material herein, Ms. Lell has been entitled to the rights,

protections, and benefits provided under RCW 49.60 *et. seq.*

31.     RCW 49.60 *et seq.* prevents an employer from taking an adverse

employment action against an individual because that person engaged in a statutorily

protected activity.  Upon information and belief, Defendants placed Ms. Lell on two PIPs

that prevented her from earning a bonus and imposed additional reporting requirements in

retaliation for her complaining about the sexual harassment against her, violating RCW

49.60 *et. seq.*

## FOURTH CAUSE OF ACTION
### (Outrage)
### (Against Defendant Joseph Reed Only)

32.     Ms. Lell reasserts and realleges the allegations set forth in the above

paragraphs.

33.     By his conduct listed above, Defendant Reed engaged in extreme and

outrageous conduct, intentionally or recklessly inflicted emotional distress, and caused

severe emotional distress to Shannon Lell.

FIRST AMENDED COMPLAINT - 10

### FIFTH CAUSE OF ACTION
**(Hostile Work Environment, Title VII of the 1964 Civil Rights Act)**
(Against Defendants Hologic, Inc. and Defendant Reed only)

34.    Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

35.    At all times material herein, Plaintiff Shannon Lell has been entitled to the rights, protections, and benefits provided under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

36.    Ms. Lell endured unwelcome harassment based on sex, said harassment affected the terms or conditions of her employment, and Defendants Hologic and Reed knew or should have known about the harassment and they failed to exercise reasonable care to prevent and/or correct promptly the sexually harassing behavior, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

### SIXTH CAUSE OF ACTION
**(Sex Discrimination, Title VII of the 1964 Civil Rights Act)**
(Against All Defendants)

37.    Plaintiffs Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

38.    At all times material herein, Ms. Lell has been entitled to the rights, protections, and benefits provided under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

FIRST AMENDED COMPLAINT - 11

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

39.     Title VII requires, among other things, that an employer not discriminate against any person in compensation or on conditions of employment because of sex.  By the actions listed above, Defendants discriminated against Ms. Lell because of sex, violating Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

**SEVENTH CAUSE OF ACTION**
**(Retaliation, Title VII of the 1964 Civil Rights Act)**
**(Against All Defendants)**

40.     Plaintiff Shannon Lell reasserts and realleges the allegations set forth in the above paragraphs.

41.     At all times material herein, Ms. Lell has been entitled to the rights, protections, and benefits provided under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

42.     Title VII prevents an employer from taking an adverse employment action against an individual because that person engaged in a statutorily protected activity. Upon information and belief, Defendants engaged in adverse actions against Ms. Lell, including placing Ms. Lell on two PIPs that prevented her from earning a bonus and imposing additional reporting requirements in retaliation for her complaining about the sexual harassment against her, violating Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et. seq.*

FIRST AMENDED COMPLAINT - 12

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all others similarly situated, demand judgment against Defendants and pray for:

A.     An order requiring Defendants to immediately cease their wrongful conduct as set forth above; enjoining Defendants from continuing to sexually harass Ms. Lell;

B.     Compensatory, statutory, punitive, and emotional distress damages;

C.     Reasonable attorneys' fees and the costs of this action as permitted by law;

D.     Statutory pre-judgment interest; and

E.     Such other relief as this Court may deem just and proper.

Dated this 13th day of August, 2010.

HEYRICH KALISH MCGUIGAN PLLC

By:  _s/Daniel Kalish, WSBA No. 35815_____
    Daniel Kalish, WSBA No. 35815
    Donald W. Heyrich, WSBA No. 23091
    HEYRICH KALISH MCGUIGAN PLLC
    1325 Fourth Avenue, Suite 540
    Seattle, WA 98101
    Telephone: 206-838-2504
    Fax: 206-838-2505
    E-mail: dkalish@hkmlegal.com
    E-mail: dheyrich@hkmlegal.com

    *Attorneys for Plaintiff Shannon Lell*

FIRST AMENDED COMPLAINT - 13

## CERTIFICATE OF SERVICE

On August 13, 2010, I caused to be served upon counsel of record, at the address

stated below, via the method of service indicated, a true and correct copy of the foregoing:

Daniel Thieme, Esq.                    ____    Via hand delivery
**LITTLER MENDELSON**          X     Via U.S. Mail, 1st Class,
One Union Square                               Postage Prepaid
600 University Street                   ____    Via Overnight Delivery
Suite 3200                                X     Via Email
Seattle, WA 98101

*Attorneys for Defendants*

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Daniel Kalish
Daniel Kalish

FIRST AMENDED COMPLAINT - 14

EXHIBIT 5

THE HONORABLE JEAN RIETSCHEL

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

SHANNON LELL, an individual,

               Plaintiff,

    v.

HOLOGIC, INC., a corporation, JOSEPH
REED, an individual, and ERNIE OAR, an
individual,

              Defendants.

NO.   10-2-27306-9 SEA

**SUMMONS**

    **TO: HOLOGIC, INC.**  A lawsuit has been started against you in the above

entitled court by plaintiff.  Plaintiff's claim is stated in the written complaint, a copy

of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by

stating your defense in writing, and by serving a copy upon the person signing this

SUMMONS - 1

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plantiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before the judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

//

//

//

//

//

//

SUMMONS - 2

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 27th day of July, 2010.

                    HEYRICH KALISH MCGUIGAN PLLC


                    By:   s/Daniel Kalish, WSBA No. 35815
                          Daniel Kalish, WSBA No. 35815
                          Donald W. Heyrich, WSBA No. 23091
                          HEYRICH KALISH MCGUIGAN PLLC
                          1325 Fourth Avenue, Suite 540
                          Seattle, WA 98101
                          Telephone: 206-838-2504
                          Fax: 206-838-2505
                          E-mail: dkalish@hkmlegal.com
                          E-mail: dheyrich@hkmlegal.com

                          Attorneys for Plaintiff Shannon Lell

SUMMONS - 3

EXHIBIT 6

THE HONORABLE JEAN RIETSCHEL

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

SHANNON LELL, an individual,

               Plaintiff,

      v.

HOLOGIC, INC., a corporation, JOSEPH
REED, an individual, and ERNIE OAR, an
individual,

             Defendants.

NO.   10-2-27306-9 SEA

**SUMMONS**

**TO: JOSEPH REED.**  A lawsuit has been started against you in the above entitled court by plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this

SUMMONS - 1

HEYRICH KALISH MCGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plantiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before the judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

//

//

//

//

//

//

SUMMONS - 2

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 27th day of July, 2010.

HEYRICH KALISH MCGUIGAN PLLC

By:  _s/Daniel Kalish, WSBA No. 35815_____
      Daniel Kalish, WSBA No. 35815
      Donald W. Heyrich, WSBA No. 23091
      HEYRICH KALISH MCGUIGAN PLLC
      1325 Fourth Avenue, Suite 540
      Seattle, WA 98101
      Telephone: 206-838-2504
      Fax: 206-838-2505
      E-mail: dkalish@hkmlegal.com
      E-mail: dheyrich@hkmlegal.com

      Attorneys for Plaintiff Shannon Lell

SUMMONS - 3

EXHIBIT 7

THE HONORABLE JEAN RIETSCHEL

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

SHANNON LELL, an individual,

               Plaintiff,

     v.

HOLOGIC, INC., a corporation, JOSEPH
REED, an individual, and ERNIE OAR, an
individual,

               Defendants.

NO.   10-2-27306-9 SEA

**SUMMONS**

**TO: ERNIE OAR.**  A lawsuit has been started against you in the above

entitled court by plaintiff.  Plaintiff's claim is stated in the written complaint, a copy

of which is served upon you with this summons.

SUMMONS - 1

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington  98101
(206) 838-2504

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plantiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before the judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

//

//

//

//

SUMMONS - 2

HEYRICH KALISH McGUIGAN PLLC
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington

Dated this 27th day of July, 2010.

HEYRICH KALISH MCGUIGAN PLLC


By:   s/Daniel Kalish, WSBA No. 35815
　　　 Daniel Kalish, WSBA No. 35815
　　　 Donald W. Heyrich, WSBA No. 23091
　　　 HEYRICH KALISH MCGUIGAN PLLC
　　　 1325 Fourth Avenue, Suite 540
　　　 Seattle, WA 98101
　　　 Telephone: 206-838-2504
　　　 Fax: 206-838-2505
　　　 E-mail: dkalish@hkmlegal.com
　　　 E-mail: dheyrich@hkmlegal.com

　　　 Attorneys for Plaintiff Shannon Lell

SUMMONS - 3